STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone: (775) 786-7600
Email: steve@harrislawreno.com
Attorneys for W. Donald Gieseke, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

*****

IN RE:

DORA DOG PROPERTIES, LLC

☐ AFFECTS THIS DEBTOR

☐ AFFECTS DOG BLUE PROPERTIES, LLC

☐ AFFECTS BRANDY BOY PROPERTIES, LLC

☐ AFFECTS 475 CHANNEL ROAD, LLC

☐ AFFECTS PARK ROAD, LLC

☐ AFFECTS 140 MASON CIRCLE, LLC

☒ AFFECTS ALL DEBTORS.

_____/

CASE NO. BK-19-50103-gs
(Chapter 7)

Jointly Administered with:

| 19-50104-gs | Dog Blue Properties, LLC |
| 19-50105-gs | Brandy Boy Properties, LLC |
| 19-50106-gs | 475 Channel Road, LLC |
| 19-50108-gs | Park Road, LLC |
| 19-50109-gs | 140 Mason Circle, LLC |

**DECLARATION OF W. DONALD GIESEKE IN SUPPORT OF MOTION FOR ORDER APPROVING SETTLEMENT OF DC SOLAR ESTATES AND FUNDS/INVESTORS' CLAIMS AGAINST REAL PROPERTY DEBTOR ESTATES PURSUANT TO FRBP 9019**

Hrg. Date:  May 5, 2022
Hrg. Time:  3:00 p.m.
Est. Time:  15 minutes
Set by:     Calendar Clerk

W. DONALD GIESEKE, under penalty of perjury, states as follows:

1.  I am the duly appointed Trustee for the Chapter 7 bankrupt estates of the six (6)

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

1

above-captioned Jointly Administered Debtors, specifically, DORA DOG PROPERTIES, LLC; DOG BLUE PROPERTIES, LLC; BRANDY BOY PROPERTIES, LLC; 475 CHANNEL ROAD, LLC; PARK ROAD, LLC; and 140 MASON CIRCLE, LLC (the "Real Property Debtors"). I am over the age of 18 years, am mentally competent and have personal knowledge of the matters set forth in this Declaration. If called upon as a witness, I could and would competently testify to these matters.

2. I make this Declaration in support of the MOTION FOR ORDER APPROVING SETTLEMENT OF DC SOLAR ESTATES AND FUNDS/INVESTORS' CLAIMS AGAINST REAL PROPERTY DEBTOR ESTATES PURSUANT TO FRBP 9019 ("Motion") seeking to approve a compromise and settlement with Christina Lovato, the chapter 7 trustee ("Trustee Lovato") for the substantively consolidated chapter 7 estates of of DC Solar Solutions, Inc. ("*Solutions*"), DC Solar Distribution, Inc. ("*Distribution*"), DC Solar Freedom, Inc. ("*Freedom*," and together with Solutions and Distribution, "*DC Solar*") and Double Jump, Inc. ("*DJ*," and together with DC Solar, the "*DC Solar Estate*") Case No. 19-50102-gs. The compromise and settlement agreement also includes the parties identified in footnote 1 below.

3. Following my appointment, I commenced a broad investigation related to the Real Property Debtors pre-petition activities and their numerous real estate holdings. In my investigation I found that, over the course of many years prior to the Raid, the Carpoffs had systematically transferred significant sums of money from Solutions to themselves and to the Real Property Entities. At the time of the Raid, the Real Property Entities owned more than twenty (20) real property assets located in California, Nevada, Texas and Mexico. Some of those real properties were forfeited to the United States and others were available for me to administer on behalf of the Real Property Debtors.

4. Multiple proofs of claim were filed in each of the six (6) Real Estate Debtor cases, including but not limited to Trustee Lovato filing proofs of claim totaling $29,961,298.54,

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

2

amongst the six Real Property Debtors. Additionally, the Funds[1] and the Investors[2] filed proofs of claim exceeding $2,000,000,000 in the Real Property Debtor cases. The two (2) Settlement Agreements that Trustee Lovato had approved by the Court are integral to the terms of this Settlement Agreement, in addition to the Settlement Agreement had approved with the Court with respect to the Antioch Mini Storage complex, which settlement involved Trustee Lovato and the Dora Dog estate. Further, the Funds have asserted claims in the collective amount of $667,676,527, including the Geico claim in excess of $336,000,000. The Investors have also filed proofs of claim amongst the six (6) Real Property Debtors that track those claims filed by the Funds.

5.   Informal discussions were had with respect to the magnitude of the claims asserted by the Funds and Investors in the Real Property Debtor cases. I contended that the Funds and the Investors did not have direct claims against Real Estate Cases. The Funds and the Investors asserted that they would be able to establish the legal basis for their claims. Trustee Gieseke, the Funds, and the Investors agreed to participate in a settlement conference with Judge Natalie Cox acting as the settlement Judge. Several settlement conferences were held and ultimately a settlement was reached, subject to final court approval.

6.   Subject to this Court's approval, the parties have reached an agreement as set forth in the draft Settlement Agreement attached as Exhibit A ("Settlement Agreement"). I will file a supplemental declaration with the fully executed Settlement Agreement. Based upon my extensive investigation of this matter, the information obtained by my litigation team, and in the exercise of my business judgment, I believe the Settlement Agreement is in the best interests of the Real Property Debtors and should be approved.

---

[1] Funds are defined as Solar Eclipse Investment Funds ("**SEIF**") III, LLC; SEIF IV, LLC; SEIF V, LLC; SEIF VI, LLC; SEIF X, LLC; SEIF XI, LLC; SEIF XII, LLC; SEIF XV, LLC; SEIF XVI, LLC; SEIFXVII, LLC; SEIF XVIII, LLC; SEIF XIX, LLC; SEIF XXI, LLC; SEIF XXII, LLC; SEIF XXIII,LLC; SEIF XXIV, LLC; SEIF XXVI, LLC; SEIF XXVIII, LLC; SEIF XXIX, LLC; SEIF XXX,LLC; SEIF XXXI, LLC; SEIF XXXIII, LLC; and SEIF XXXIV, LLC (together, the "**Receivership Funds**"), **acting by and through Receiver Neil Luria;**
(2) SEIF Fund VII, LLC, SEIF Fund XIV, LLC, SEIF Fund XXXII, LLC and SEIF Fund XXXV LLC, SEIF Fund VIII and SEIF Fund XXVII (together, the "**East West Bank/ADHI Funds**"), **acting by and through their Manager, Curtis Jung** (collectively, the "Funds").
[2] The Investors are Progressive Casualty Insurance Company, The Sherwin-Williams Company, Geico Corporation, People's United Bank, N.A., People's United Financial, Inc., DV VNB Community Renewables Fund LLC, DV VNB Community Renewables Fund III LLC, and Pardee Solar 1, LLC ("Investors").

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

Case 19-50103-gs    Doc 652    Entered 04/07/22 17:00:01    Page 4 of 12

7. Key aspects as more particularly described in the Settlement Agreement, include the following:

- The Antioch Mini-Storage settlement is part and parcel of the current Settlement Agreement. From the eventual sale of the Antioch Mini Storage by me in my capacity as Trustee of the Dora Dog estate, Trustee Lovato will receive $3 million plus 50% of the net sale proceeds over $4 million with a total not to exceed $4.2 million from that transaction for the DC Solar Estate.

- Trustee Lovato will receive an additional $1 million distribution from the Real Estate Debtor cases for the DC Solar Estate.

8. Based upon the foregoing, I request an order approving the Settlement Agreement.

DATED this 7th day of April 2022.

/s/ W. Donald Gieseke
_____
W. Donald Gieseke, Trustee

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

## SETTLEMENT AGREEMENT        DRAFT

**Parties** refers to:

(1)      W. Donald Gieseke, as Trustee (**"Dora Dog Trustee"**) for the chapter 7 estates of Dora Dog Properties, LLC, Dog Blue Properties, LLC, Brandy Boy Properties, LLC, 475 Channel Road, LLC, Park Road, LLC, and 140 Mason Circle, LLC (collectively, the "**Dora Dog Estates**") jointly administered by the U.S. Bankruptcy Court for the District of Nevada Case, Lead No. 19-50103-gs ("**Bankruptcy Court**");

(2)      Neil Luria, as Receiver for the **Receivership Funds**[1] ("**Receiver**);

(3)      the Receivership Funds Investors[2];

(4)      Solar Eclipse Investment Fund VII, LLC, SEIF XIV, LLC, SEIF XXXII, LLC, and SEIF XXXV, LLC("**East West Funds**") and SEIF VIII, LLC, and SEIF XXVII, LLC ("**ADHI Funds**," and, together with the East West Funds, the "**East West/ADHI Funds**");

(5)      the East West/ADHI Investors[3]; and,

(6)      Christina Lovato, as Trustee ("**Double Jump Trustee**") for the substantively consolidated chapter 7 estates of DC Solar Solutions, Inc., DC Solar Distribution, Inc., DC Solar Freedom, Inc., and Double Jump, Inc. (the "**Double Jump Estate**") administered by the Bankruptcy Court under Case No. 19-50102-gs.

The Parties agree as follows:

1.      **Funds** shall refer to all of the Receivership Funds and the East West/ADHI Funds collectively.

2.      **Trustees** shall refer to Dora Dog Trustee and Double Jump Trustee collectively.

3.      **Investors** shall refer to Receivership Funds Investors and the East West/ADHI

---

[1] **Receivership Funds** shall collectively refer to Solar Eclipse Investment Fund ("**SEIF**") III, LLC; SEIF IV, LLC; SEIF V, LLC; SEIF VI, LLC; SEIF X, LLC; SEIF XI, LLC; SEIF XII, LLC; SEIF XV, LLC; SEIF XVI, LLC; SEIF XVII, LLC; SEIF XVIII, LLC; SEIF XIX, LLC; SEIF XXI, LLC; SEIF XXII, LLC; SEIF XXIII, LLC; SEIF XXIV, LLC; SEIF XXVI, LLC; SEIF XXVIII, LLC; SEIF XXIX, LLC; SEIF XXX, LLC; SEIF XXXI, LLC; SEIF XXXIII, LLC; SEIF XXXIV, LLC.

[2] **Receivership Funds Investors** shall collectively refer to Progressive Casualty Insurance Company, The Sherwin-Williams Company, Geico Corporation, People's United Bank, N.A., People's United Financial, Inc., DV VNB Community Renewables Fund LLC, DV VNB Community Renewables Fund III LLC, Valley National Bank, Valley National Bancorp and Pardee Solar 1, LLC.

[3] **East West/ADHI Investors** collectively refers to East West Bancorp, Inc., a Delaware corporation, East West Bank, a California state-chartered banking corporation, and ADHI-Solar, LLC, a Delaware limited liability company.

Investors collectively.

4. The Funds' claims shall be allowed in the amount of $667,676,527. *See* "Net Investment Loss" column on **Exhibit 1** for the Allowed Claim of each Fund.

5. The Investors claims shall be allowed in the amounts set forth in the "Investor Total" column on **Exhibit 1**, however, consistent with the Double Jump Settlement Agreement with the Funds and the Investors, such claims will not directly receive a distribution from the Dora Dog Estates. [See case no. 19-50102-gs, ECF Nos. 2482 and 2614].

6. The proofs of claim of the Double Jump Trustee shall be allowed in the Dora Dog Estates in the amount of $29,961,299.

7. The Antioch Mini-Storage settlement distribution scheme is not impacted (*i.e.*, on sale of the property proceeds will be distributed in the following order: i) costs of sale; ii) Double Jump $3M; iii) $1M to Dora Dog; iv) split proceeds between the Dora Dog Estates and the Double Jump Estate 50/50 up to a max recovery to the Double Jump Estate of $4.2M, then all remaining proceeds to the Dora Dog Estates). [See case no. 19-50102, ECF Nos. 3040, 3041 and 3079].

8. Notwithstanding the allowed claim amounts of the Investors and the Double Jump Trustee, the distribution scheme of the Dora Dog Estates is as follows:

   a. First, administrative fees for the Trustee and fees for his professionals;

   b. Second, $500,000 for payment of allowed pre-petition claims and the administrative fee of Clark Hill (the "Admin and Trade Amount");

   c. Third, the Double Jump Estate will receive $1M plus the amount of distributions to be provided to the Double Jump Estate by the Antioch Mini-Storage settlement (as described in paragraph 7 above); and,

   d. Fourth, 100% of the remainder of the Dora Dog Estates' proceeds to be distributed to the Funds based on their pro rata share of their Allowed Claims (such amount to include any unused portion of the Admin and Trade Amount).

9. The Dora Dog Trustee will file a motion for substantive consolidation of the Dora Dog Estates (the "**Subcon Motion**") which, subject to review, Lovato and the Funds will support. But, if the Subcon Motion is not granted, the settlement distribution described herein remains binding, and Trustee Gieseke shall apportion the settlement amount among the solvent estates.

10. The Dora Dog Trustee will seek approval of this Settlement Agreement from the Bankruptcy Court under Bankruptcy Rule 9019 (the "**Approval Motion**") promptly upon execution. If the Bankruptcy Court grants the Approval Motion, the Funds and the Investors will have a set of allowed claims as set forth in Exhibit 1 and the Double Jump Estates will have a set of allowed claims as described in paragraph 6 above. The Double Jump Trustee will also seek Bankruptcy Court approval of this Settlement Agreement on behalf of the Double Jump Estates

promptly upon execution.

11. The entirety of this Settlement Agreement is conditioned upon the Bankruptcy Court granting the Approval Motion.

12. There are no separate oral agreements of the Parties, and this written Settlement Agreement sets forth the entire agreement among the Parties which may not be modified other than by a signed writing.

13. A Party that brings an action to enforce this Settlement Agreement shall be entitled to an award of reasonable attorneys' fees and costs at the trial and appellate levels.

14. This Settlement Agreement shall be construed in accordance with the laws of the State of Nevada. The Parties agreed that Fla. Stat. Sections 44.401-44.406 and Fed. R. Evid. 408 apply to their mediation, and that all communications in connection with this Term Sheet were part of their mediation.

15. This Settlement Agreement is subject to Bankruptcy Court approval as to the Trustees.

16. This Settlement Agreement is subject to approval of the International Commercial Arbitration Court of the Eleventh Judicial Circuit, Miami-Dade ("**Arbitration Court**") as to the Receiver. The Receiver represents that he has the actual authority to execute this Agreement and bind the Receivership Funds unless such Fund signs separately below, subject to such Arbitration Court approval.

17. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Settlement Agreement.

STIPULATED AND AGREED TO BY:

_____     Date: _____
W. Donald Gieseke, as Chapter 7 Trustee for the
estates of Dora Properties, LLC,
Dog Blue Properties, LLC,
Brandy Boy Properties, LLC,
475 Channel Road, LLC,
Park Road, LLC, and,
140 Mason Circle, LLC.

_____     Date: _____
Christina Lovato, as Chapter 7 Trustee for the
estate of Double Jump, Inc.

_____ Date: _____
Neil Luria, as Receiver for the Receivership Funds
Solar Eclipse Investment Fund III, LLC
Solar Eclipse Investment Fund IV, LLC
Solar Eclipse Investment Fund V, LLC
Solar Eclipse Investment Fund VI, LLC
Solar Eclipse Investment Fund X, LLC
Solar Eclipse Investment Fund XI, LLC
Solar Eclipse Investment Fund XII, LLC
Solar Eclipse Investment Fund XV, LLC
Solar Eclipse Investment Fund XVI, LLC
Solar Eclipse Investment Fund XVII, LLC
Solar Eclipse Investment Fund XVIII, LLC
Solar Eclipse Investment Fund XIX, LLC
Solar Eclipse Investment Fund XXI, LLC
Solar Eclipse Investment Fund XXII, LLC
Solar Eclipse Investment Fund XXIII, LLC
Solar Eclipse Investment Fund XXIV, LLC
Solar Eclipse Investment Fund XXVI, LLC
Solar Eclipse Investment Fund XXVIII, LLC
Solar Eclipse Investment Fund XXIX, LLC
Solar Eclipse Investment Fund XXX, LLC
Solar Eclipse Investment Fund XXXI, LLC
Solar Eclipse Investment Fund XXXIII, LLC
Solar Eclipse Investment Fund XXXIV, LLC


Progressive Casualty Insurance Company

By: _____    Date: _____
    _____, its _____

The Sherwin-Williams Company

By: _____    Date: _____
    _____, its _____

GEICO Corporation

By: _____    Date: _____
    _____, its _____

People's United Bank, N.A.

By: _____    Date: _____

_____, its _____

People's United Financial, Inc.

By: _____  Date: _____
_____, its _____

DV VNB Community Renewables Fund LLC

By: _____  Date: _____
_____, its _____

DV VNB Community Renewables Fund III

By: _____  Date: _____
_____, its _____

Valley National Bank

By: _____  Date: _____
_____, its _____

Valley National Bancorp

By: _____  Date: _____
_____, its _____

Pardee Solar I, LLC

By: _____  Date: _____
_____, its _____

_____  Date: _____
Curtis C. Jung, as Manager for:
Solar Eclipse Investment Fund VII, LLC
Solar Eclipse Investment Fund VIII, LLC
Solar Eclipse Investment Fund XIV, LLC
Solar Eclipse Investment Fund XXVII, LLC
Solar Eclipse Investment Fund XXXV, LLC

East West Bancorp, Inc.

By: _____  Date: _____
_____, its _____

East West Bank, a California state-chartered banking corporation

By: _____     Date: _____
   _____, its _____

ADHI-Solar, LLC

By: _____     Date: _____
   _____, its _____

18494943_v1

18500404_v1

18552485_v1

**Exhibit 1 - Allowed Claims**

| Investor | Fund | Net Investment Loss | Investor Total |
|---|---|---|---|
| Valley | Fund VI | $6,397,644 | $25,562,232 |
| | Fund XII | $9,951,220 | |
| | Fund XIX | $9,213,368 | |
| Pardee Solar | Fund XVII | $6,999,004 | $6,999,004 |
| Progressive | Fund XXVI | $28,832,492 | $147,787,494 |
| | Fund XXX | $58,700,236 | |
| | Fund XXXIV | $60,254,766 | |
| Sherwin-Williams | Fund III | $7,181,000 | $56,493,357 |
| | Fund IV | $9,388,542 | |
| | Fund V | $4,113,758 | |
| | Fund XI | $7,542,667 | |
| | Fund XVI | $11,335,250 | |
| | Fund XXI | $4,222,827 | |
| | Fund XXIV | $4,241,160 | |
| | Fund XXVIII | $4,231,993 | |
| | Fund XXXI | $4,236,160 | |
| United Bank | Fund X | $5,460,440 | $28,056,295 |
| | Fund XV | $9,589,981 | |
| | Fund XXII | $13,005,875 | |
| GEICO | Fund XVIII | $46,241,473 | $331,751,389 |
| | Fund XXIII | $96,463,873 | |
| | Fund XXIX | $98,367,191 | |
| | Fund XXXIII | $90,678,852 | |
| ADHI Solar | Fund VIII | $10,687,695 | $24,465,470 |
| | Fund XXVII | $13,777,775 | |
| East West Bank | Fund VII | $9,318,741 | $46,561,286 |
| | Fund XIV | $9,280,892 | |
| | Fund XXXII | $11,455,878 | |
| | Fund XXXV | $16,505,775 | |
| **Total Allowed Claims** | | **$667,676,527** | **$667,676,527** |