Lisa M. Schweitzer, Esq. (*pro hac vice*)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Email: lschweitzer@cgsh.com
-and-
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Facsimile: (702) 926-9683
Email:  jshea@shea.law
        blarsen@shea.law

*Counsel for Solar Eclipse Fund IX, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>DORA ROG PROPERTIES, LLC,<br><br>☐ AFFECTS THIS DEBTOR<br>☐ AFFECTS DOG BLUE PROPERTIES, LLC<br>☐ AFFECTS BRANDY BOY PROPERTIES, LLC<br>☐ AFFECTS 475 CHANNEL ROAD, LLC<br>☐ AFFECTS PARK ROAD, LLC<br>☐ AFFECTS 140 MASON CIRCLE, LLC<br>☒ AFFECTS ALL DEBTORS. | Case No. 19-50103-gs<br>Chapter 7<br><br>Jointly Administered with:<br>19-50104-gs Dog Blue Properties, LLC<br>19-50105-gs Brandy Boy Properties, LLC<br>19-50106-gs 475 Channel Road, LLC<br>19-50108-gs Park Road, LLC<br>19-50109-gs 140 Mason Circle, LLC<br><br>**STIPULATION INCORPORATING SOLAR ECLIPSE FUND IX, LLC AS A PARTY TO THE SETTLEMENT OF DC SOLAR ESTATES AND FUNDS/INVESTORS' CLAIMS AGAINST REAL PROPERTY DEBTOR ESTATES**<br><br>Hearing Date: May 5, 2022<br>Hearing Time: 3:00 pm |

W. Donald Gieseke, Chapter 7 Trustee (the "**Dora Dog Trustee**"), for the jointly administered estates of Dora Dog Properties, LLC, Dog Blue Properties, LLC, Brandy Boy Properties, LLC, 475 Channel Road, LLC, Park Road, LLC and 140 Mason Circle, LLC (collectively, the "**Real Property Debtor Estates**"), Christina Lovato, Chapter 7 Trustee ("**DC Solar Trustee**") for the substantively consolidated estates of Double Jump, Inc., DC Solar Solutions, Inc., DC Solar Distribution, Inc., and DC Solar Freedom, Inc. (collectively, the "**DC Solar Estates**"), and Solar Eclipse Fund IX, LLC ("**Fund IX**"), by and through their undersigned attorneys, hereby stipulate and agree as follows:

1.    On January 29, 2020, Fund IX filed its original Proofs of Claim in each of the Real Property Debtor Estates in an unliquidated and in certain instances partially liquidated amount.

2.    Fund IX did not amend its original Proofs of Claim filed in the Real Property Debtor Estates' cases pursuant to the *Amended Notice of Deadline to File Amendments to Existing and Timely Filed Proofs of Claim* filed June 1, 2021 [ECF No. 476], and, thus, Fund IX was not involved in the settlement conferences the Honorable Natalie M. Cox conducted between the Dora Dog Trustee, the DC Solar Trustee, the Receivership Funds, the East West/ADHI Funds, and the Investors[1] (the "**Settlement Conferences**") that resulted in the Settlement Agreement presented to this Court on April 7, 2022 in the *Motion for Order Approving Settlement of DC Solar Estates and Funds/Investors' Claims Against Real Property Debtor Estates pursuant to FRBP 9019* [ECF No. 651] (collectively, the "**Settlement Motion**" on the "**Settlement Agreement**").

3.    After the filing of the Settlement Motion, counsel for Fund IX contacted the Dora Dog Trustee to determine if it needed to object to the Settlement Motion in order to be included in the distributions from the Real Property Debtor Estates contemplated by the Settlement Agreement.

---

[1] The Receivership Funds, East West/ADHI Funds and Investors are all defined in the Settlement Agreement attached to the *Declaration of W. Donald Gieseke in Support of the Settlement Motion* [ECF No. 652], The Receivership Funds and the East West/ADHI Funds will be collectively referred to herein as the "**Funds**."

2

4.    Fund IX is currently neither included in nor a party to the Settlement Agreement. However, in the DC Solar Estates bankruptcy cases, Fund IX settled with the DC Solar Trustee for an allowed general unsecured claim under 11 U.S.C. § 502(a) against the DC Solar Estates in the amount of $36,603,202.13, and an allowed general unsecured claim under 11 U.S.C. § 502(h) in the amount of $74,460.74.  See *Order Granting Motion for Order Approving Compromise and Settlement Agreement with Solar Eclipse Fund IX, LLC and for Award of Contingency Fee [ECF No. 2793]* [ECF No. 2857].

5.    The Dora Dog Trustee and the DC Solar Trustee believe that Fund IX is identically situated to the Funds which have entered into the Settlement Agreement with the Dora Dog Trustee and the DC Solar Trustee under the Settlement Agreement.  The Funds alleged direct claims against the Real Property Debtor Estates for injuries they assert fall distinctly upon the individual participants in the business association or involve the participants' contractual rights."[2] For instance, the Funds alleged that fraudulent inducement claims "are direct because they allege a harm suffered by plaintiff independent of the partnership and a duty to plaintiff that is not merely derivative of [the defendant's] fiduciary duties to the partnership."  *See Stephenson v. Citco Grp. Ltd.*, 700 F. Supp. 2d 599, 610-24 (S.D.N.Y. 2010).

6.    The Funds further alleged that investments induced by misrepresentations is a direct claim.[3]  In the cases of the Real Property Debtor Estates and the DC Solar Estates, there is

_____

[2] *Grigsby & Assocs. v. Rice Derivative Holdings, L.P.*, 2001 U.S. Dist. Lexis 16112, at *5 (S.D.N.Y. Sep. 21, 2001) (emphasis added); *In re Cencom Cable Income Partners*, 2000 Del. Ch. Lexis 10, at *3 (Del. Ch. Jan. 27, 2000) ("A direct claim seeks relief for injuries that fall distinctly upon the individual participants in the business association or involve the participants' contractual rights.").

[3] *See, e.g., In re Smith Barney Transfer Agent Litig.*, 765 F. Supp. 2d 391, 399 (S.D.N.Y. 2011) (recognizing that investment induced by misrepresentations was direct claim); *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 401 (S.D.N.Y. 2010) (tortious inducement was direct claim); *Poptech, L.P. v. Stewardship Inv. Advisors, LLC*, 849 F. Supp. 2d 249, 263 (D. Conn. 2012) (non-disclosure in offer and sale of securities was direct claim); *see Askenazy v. KPMG LLP*, 83 Mass. App. Ct. 649, 655, 988 N.E.2d 463, 468 (2013) (recognizing inducement based claims as an injury to those induced and not a harm to the partnership); *Albert v. Alex. Brown Mgmt. Servs., Inc.*, 2005 Del. Ch. Lexis 133, 2005 WL 2130607, at *12 (Del. Ch. Aug. 26, 2005) ("Generally, non-disclosure claims are direct claims.").

no dispute that the Paulette and Jeffrey Carpoff perpetrated an elaborate fraudulent scheme premised upon inducing investors, through misrepresentations, to invest in their DC Solar companies. It is undisputed that the Funds were induced by the Carpoffs to invest in the Double Jump Estate's DC Solar companies through false misrepresentations—investments they would not have otherwise made. See *Wells Fargo Capital Fin., LLC v. Noble (In re R.E. Loans, LLC)*, 519 B.R. 499, 513 (Bankr. N.D. Tex. 2014) ("[T]he fact that the bankruptcy estate may have claims for its own direct injuries that it could have brought as of the commencement of the case does not mean that the creditor's claims are merely derivative of the debtor's.").

7.    Based on the analysis which the Funds provided at the Settlement Conferences, the DC Solar Trustee and the Dora Dog Trustee have agreed to include Fund IX in the Settlement Agreement submitted with the Settlement Motion to share pro rata on account of its general unsecured claim with the other settling Funds.

8.    Fund IX filed amended Proofs of Claim in the Real Property Debtor Estates' cases on April 25, 2022, in the amount of $36,603,202.13, which is the amount of Fund IX's allowed general unsecured claim under 11 U.S.C. § 502(a) in the DC Solar Estates' cases. This allowed claim is consistent with the claims allowed for each of the Funds under the Settlement Agreement. Therefore, Fund IX will have an allowed general unsecured claim under the Settlement Agreement in the amount of $36,603,202.13.

**IT IS SO STIPULATED.**

DATED this 3rd day of May, 2022.

By: /s/ *Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

*Counsel to Christina Lovato, Chapter 7 Trustee*

By: /s/ *Steve R. Harris*
Steve R. Harris, Esq.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone: (775)786-7600
steve@harrislawreno.com

*Counsel for the W. Donald Gieseke, Chapter 7 Trustee*

4

By: */s/ Lisa M. Schweitzer*
Lisa M. Schweitzer, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
lschweitzer@cgsh.com
-and-
James Patrick Shea, Esq.
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
jshea@shea.law

*Counsel for Solar Eclipse Fund IX, LLC*