Sallie B. Armstrong, Esq. (NSBN 1243)
McDONALD CARANO LLP
100 West Liberty Street, 10th Floor
Reno, NV 89501
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
E-mail: sarmstrong@mcdonaldcarano.com

*Attorney for the East West/ADHI Parties*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In Re: | Case No. BK-19-50103-gs |
| DORA DOG PROPERTIES, LLC, | Chapter 7 |
| Debtor. | Jointly Administered with: |
| __X__  Affects All Debtors<br>_____ Affects Dora Dog Properties, LLC<br>_____ Affects Dog Blue Properties, LLC<br>_____ Affects Brandy Boy Properties, LLC<br>_____ Affects 475 Channel Road, LLC<br>_____ Affects Park Road, LLC<br>_____ Affects 140 Mason Circle, LLC | 19-50104-gs; 19-50105-gs;<br>19-50106-gs; 19-50108-gs; 19-50109-gs<br><br>**OBJECTION TO APPLICATION FOR EX PARTE ORDER AUTHORIZING TRUSTEE TO EMPLOY REAL ESTATE BROKER [FIRST REPUBLIC REAL ESTATE]**<br><br>Hearing Date: August 11, 2022<br>Hearing Time: 9:30 am |

Creditors Solar Eclipse Investment Fund VII, LLC, Solar Eclipse Investment Fund VIII, LLC, Solar Eclipse Investment Fund XIV, LLC, Solar Eclipse Investment Fund XXVII, LLC, Solar Eclipse Investment Fund XXXII, LLC, and Solar Eclipse Investment Fund XXXV, LLC (collectively the "East West/ADHI Parties") hereby submit their objection to *Application for Ex Parte Order Authorizing Trustee to Employ Real Estate Broker [First Republic Real Estate]* [ECF No. 682] filed herein by the Trustee on July 8, 2022 ("Application").

By his Application, Don Gieseke, the Trustee in the Dora Dog Properties, LLC and related estates (the "Trustee"), seeks to employ First Republic Real Estate ("First Republic") and broker

Ray "Jimmy" Smith ("Mr. Smith") to sell the real property located at 815 Sunset Drive, Antioch, CA (the "Antioch Property"). The East West/ADHI Parties object to First Republic's employment on several grounds.

First, the broker's commission of 7.25% is excessive for a sale which may well be in excess of $6,000,000.00. Typically, commercial real estate commissions are lower the higher the value of the property. In this instance, however, the broker is asking for a commission of 7.25% of the purchase price with 3.00% of that amount going to cooperating MLS brokers. This means that Frist Republic will receive a minimum of 4.25% if there is a cooperating broker, which is 2% more than the commission Mr. Seth Freeman, who is employed by the Trustee and who is also a real estate broker, would charge to sell the Antioch Property.[1] The more the Trustee pays in commission, the less there is available for creditors.[2]

Second, as disclosed in the Application, Mr. Smith and his property management firm are employed as the Trustee's property manager for the Antioch Property. In light of this connection, more information is needed with regard to what advertising efforts Mr. Smith intends to make (or has made) or what he and/or the Trustee believe to be necessary for the proper exposure of the Antioch Property. Given Mr. Smith's dual role, it is important that Mr. Smith's (or the Trustee's) disclosures be far more comprehensive than they are now and that the Antioch Property be fully marketed, in part to avoid a situation where there is a "sweetheart deal" with someone Mr. Smith already knows by virtue of his dual relationship.

Finally, in accordance with this Court's *Order Authorizing Trustee to Operate Mini Storage Business and Pay Ongoing Related Administrative Expenses Pursuant to 11 U.S.C. §§363(b)(1), 721, and 503(b)* [ECF No. 623] entered on December 29, 2021 (the "Order"), the Trustee was to file "quarterly reports and summaries of the operations of the business." However, the first of those reports to contain information about the Antioch Property was not filed until late

---

[1] See Objection [ECF No. 708] and Declaration [ECF No. 709] filed by the Double Jump Trustee.

[2] The Double Jump Trustee, depending on the sales price, the East West/ADHI Parties (sometimes referred to as the Non-Receivership Funds), and the Receivership Funds are the ones impacted if the estate overpays on a commission.

in the day on August 9, 2022.  While the *Trustee's Quarterly Operation Report Ending 3-31-2022* (the "Quarterly Report") discloses that gross revenues were well below expectations but have gradually increased, much more is needed in order for the Trustee to show the necessity for the employment of a real estate broker at this particular time.  For instance, in March, revenues increased to $33,670.53, but to what occupancy levels?  The Trustee has only been operating the property for seven months, and his Quarterly Report details the mess he found when the Antioch Property was turned over to him, which means he may well not be at the highest occupancy obtainable.  Is now the time to sell the Antioch Property or would it be better to do so after occupancy increases?  It is simply impossible to know based on the information provided to date by the Trustee.  Without more information, it is impossible for this Court to determine if the employment of First Republic and a sale of the Antioch Property at the present time are in the best interests of the bankruptcy estates.

Based on the above, the East West/ADHI Parties object to the employment of First Republic and Mr. Smith at the commission set forth in the Application. The East West/ADHI Parties also object to the employment of a broker until such time as the Trustee has furnished additional information which may impact the marketability of the Antioch Property, as well as the information required by this Court's Order regarding the Trustee's business operations.

Respectfully submitted this 10th day of August, 2022.

McDONALD CARANO LLP

By: /s/ Sallie B. Armstrong
    Sallie B. Armstrong, Esq., NSBN 1243
    100 W. Liberty Street, 10th Floor
    Reno, NV 89501
    Telephone: (775) 788-2000
    Facsimile: (775) 788-2020
    E-mail:    sarmstrong@mcdonaldcarano.com