1  STEPHEN R. HARRIS, ESQ. NVB 1463
   Email: steve@harrislawreno.com
2  NORMA GUARIGLIA, ESQ. NVB 16244
   Email: norma@harrislawreno.com
3  HARRIS LAW PRACTICE LLC
   850 E. Patriot Blvd., Suite F
4  Reno, NV 89511
   Telephone: (775) 786-7600
5  Attorneys for W. Donald Gieseke, Trustee
6
7              UNITED STATES BANKRUPTCY COURT
8                    DISTRICT OF NEVADA
9                          *****

10  IN RE:                          CASE NO. BK-19-50103-gs
11                                  (Chapter 7)
12  DORA DOG PROPERTIES, LLC        Jointly Administered with:

13  ☐  AFFECTS THIS DEBTOR

| 19-50104-gs | Dog Blue Properties, LLC |
| 19-50105-gs | Brandy Boy Properties, LLC |
| 19-50106-gs | 475 Channel Road, LLC |
| 19-50108-gs | Park Road, LLC |
| 19-50109-gs | 140 Mason Circle, LLC |

14  ☐  AFFECTS DOG BLUE PROPERTIES,
       LLC
15
16  ☐  AFFECTS BRANDY BOY
       PROPERTIES, LLC
17
   ☐  AFFECTS 475 CHANNEL ROAD, LLC    **MOTION TO COMPEL TURNOVER OF**
18                                     **PROPERTY OF THE ESTATE UNDER**
   ☐  AFFECTS PARK ROAD, LLC           **11 U.S.C. §§ 542 OR 543**
19
20  ☒  AFFECTS 140 MASON CIRCLE, LLC    Hrg. Date:  April 6, 2023
                                        Hrg. Time:  9:30 a.m.
21                                      Est. Time:  15 minutes
   ☐  AFFECTS ALL DEBTORS.             Set by:     Calendar Clerk
22
23  _____/

24         W. Donald Gieseke, Trustee for the Chapter 7 bankrupt estates of six (6) Jointly

25  Administered Debtors, specifically, DORA DOG PROPERTIES, LLC ("Dora Dog"); DOG

26  BLUE PROPERTIES, LLC ("Dog Blue"); BRANDY BOY PROPERTIES, LLC ("Brandy

27  Boy"); 475 CHANNEL ROAD, LLC ("475 Channel Road"); PARK ROAD, LLC ("Park Road");

28  and 140 MASON CIRCLE, LLC ("140 Mason Circle"); by and through his counsel STEPHEN

                                    1

R. HARRIS, ESQ. and NORMA GUARIGLIA, ESQ., of HARRIS LAW PRACTICE LLC, hereby moves this Court for the entry of an Order compelling turnover to the Trustee of certain property of 140 Mason Circle, LLC's estate. This Motion is based on the following points and authorities, the papers and pleadings on file in this case of which the Court may take judicial notice pursuant to Fed. R. Evid. 201, and the oral argument of counsel at the scheduled hearing.

## BACKGROUND

1.      Debtor DORA DOG PROPERTIES, LLC; Debtor DOG BLUE PROPERTIES, LLC; Debtor BRANDY BOY PROPERTIES, LLC; Debtor 475 CHANNEL ROAD, LLC; Debtor PARK ROAD, LLC; and Debtor 140 MASON CIRCLE, LLC; each filed Chapter 11 Petitions on January 30, 2019 ("Petition Date"). On March 22, 2019, this Court entered its Order converting the cases to Chapter 7 proceedings. On March 22, 2019, W. Donald Gieseke was duly appointed as the Chapter 7 interim trustee ("Trustee") for six (6) of ten (10) jointly administered cases (Case Nos. 19-50103; 19-50104; 19-50105; 19-50106; 19-50108; and 19-50109) (collectively the "Real Estate Debtors"). Pursuant to an ORDER APPROVING TRUSTEE'S EX PARTE MOTION TO AMEND JOINT ADMINISTRATION ORDER (DOCKET NO. 97) PURSUANT TO RULE 1015(b) [DE 65], the cases of the six (6) Real Estate Debtors were administratively separated from the four (4) DC Solar Debtors, with the lead case for the Real Estate Debtors designated as Dora Dog Properties, LLC, Case No. 19-50103-gs.

2.      On January 2, 2020, this Court entered its ORDER APPROVING MOTION FOR ORDER APPROVING TRUSTEE'S COMPROMISE AND SETTLEMENT OF CLAIMS WITH UNITED STATES OF AMERICA [DE 191], wherein the Court approved a Coordination Agreement between the Trustee and United States to resolve disputes arising from the United States' attempts to commence or continue post-petition civil forfeiture actions against some estate property. As a result of the Coordination Agreement, the Trustee has administered certain real and personal properties on behalf of the Real Estate Debtors.

3.      The Coordination Agreement describes certain real and personal properties which would be forfeited to the United States and describes other assets which remained in the bankrupt estates. *See* DE 191. Additionally, the United States agreed not to seek forfeiture of or make a

claim as to any other assets not specifically identified for forfeiture in the Coordination Agreement. *See* DE 191, 15:22-; 16:22-17:4 ("**Additional Property**. [E]xcept as otherwise provided in the section of this Coordination Agreement titled "Additional Non-Real Property Assets," the USAO-EDCA agrees it shall not pursue forfeiture of, or any claim on or to, any additional real or personal property owned by Double Jump, the DC Solar Entities, or the California LLCs."). Thus, any assets belonging to the Debtors' estates and not described in the Coordination Agreement remain property of the estate, and the United States agreed not to target those assets in any forfeiture proceedings.

4.      Starting in 2019, Heritage Bank's counsel advised Trustee's counsel and Assistant U.S. Attorneys Christopher Stanton Hales and Kevin Khasigian, that Heritage Bank was holding $75,000 ("Funds") as additional collateral for a loan on the real property belonging to 140 Mason Circle pursuant to an Assignment of Deposit Account. The loan was paid in full, and Heritage Bank had no further claim against the Funds. Attached hereto as **Exhibit A** is a letter dated August 23, 2022, from Heritage Bank's counsel explaining the facts.

5.      Trustee's counsel replied to Heritage Bank's counsel on September 13, 2022, explaining that the Coordination Agreement provided that the United States would not pursue any forfeiture actions against any of the Real Estate Debtors' assets except as specifically identified in the Coordination Agreement. The Funds held by Heritage Bank were not assets specifically "set aside" to the United States for forfeiture in the Coordination Agreement, thus the United States had no claim to those Funds. Heritage Bank's counsel, Cheryl M. Lott, replied to Trustee's counsel on September 21, 2022, stating that in her view, the Coordination Agreement did not resolve the issue with the Funds. Attached hereto as **Exhibit B** is a copy of the September 13, 2022, letter from Trustee's counsel, and Ms. Lott's September 21, 2022, email.

6.      On February 17, 2023, Trustee's counsel emailed Heritage Bank's counsel a formal demand for turnover of the Funds under 11 U.S.C. §§ 542 and 543. Ms. Lott replied on February 18, 2023, indicating that the Funds may have technically escheated to the estate, so Heritage Bank had some issues it needed to work through. Later, on February 24, 2023, Trustee's counsel sent Ms. Lott a follow up email asking for a status of the turnover of the Funds. The email

also explained in more detail the history of the disputes which led to the Coordination Agreement in the first place, and the status of the disputes between the United States and Trustee after the Coordination Agreement. Copies of the February 17, 18, and 24, 2023, email exchanges (without attachments) are attached hereto **Exhibit C**. Trustee and his counsel have not received any further communication from Heritage Bank or its counsel after Ms. Lott's email on February 18, 2023.

7.      It is evident from Heritage Bank's communications that it desires to release the Funds, but also, it is not willing to do so without joint instructions from the United States and the Trustee. The United States, through Assistant U.S. Attorneys Hales and Khasigian, have been aware of Heritage Bank's request for instructions to release the Funds, but they have failed to respond in any manner. The Funds have been tied up for more than two years and the parties are at an impasse on how to resolve the issue without the Court's interference. In summary, the Trustee requires a Court order compelling Heritage Bank to turn over the Funds pursuant to 11 U.S.C. §§ 542 or 543 which are property of 140 Mason Circle's estate under 11 U.S.C. § 541.

## LEGAL ARGUMENT

### A. The $75,000 Funds are property of the estate and subject to turnover by Heritage Bank to the Trustee under 11 U.S.C. § 542(a).

Heritage Bank is in possession of $75,000 which is indisputably property of 140 Mason Circle's estate under 11 U.S.C. § 541. Under 11 U.S.C. §541, "property of the estate" is broadly defined to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1).

Heritage Bank admits it has no further claim to the Funds which were held in 140 Mason Circle's deposit account and pledged to Heritage Bank as collateral for a loan under an Assignment of Deposit Account. *See Ex. A*. No other parties have a lawful claim to the Funds, including the United States which agreed in the Coordination Agreement that it would not assert a claim against any property not specifically identified for forfeiture in the Coordination Agreement. The Funds held by Heritage Bank in 140 Mason Circle's deposit account were not specifically identified for forfeiture in the Coordination Agreement; thus, the United States cannot (and has not) commenced a forfeiture action to claim those Funds.

11 U.S.C. § 542(a) expressly requires other parties to surrender property of the estate to the trustee as follows:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody or control, during the case, of property that the trustee may use, sell or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a) (emphasis added). The requirement to turnover property of the estate to the trustee is mandatory, not discretionary. *See id.* To prevail in a turnover action under § 542, the party seeking turnover must establish: (1) that the property is or was in the possession, custody, or control of an entity during the pendency of the case; (2) that the property may be used by the trustee in accordance with § 363 or exempted by the debtor under § 522; and (3) that the property has more than inconsequential value or benefit to the estate. *Newman v. Schwartzer (In re Newman)*, 487 B.R. 193, 199–200 (B.A.P. 9th Cir. 2013). Importantly, a party who was in possession of property of the estate at any time during the bankruptcy case has a duty to turnover the property or its value even if the party no longer has possession at the time of the turnover action. *Id.* at 202.

Here, the Funds were in Heritage Bank's possession and control at the commencement of these bankruptcy cases and during the bankruptcy proceedings. To the best of Trustee's knowledge, Heritage Bank remains in possession or control of the Funds. But even if Heritage Bank no longer has possession of the Funds, it is liable to the estate for the value. Second, the Funds represent cash that the Trustee can use under § 363 in the administration of this case and to distribute to allowed creditors. Finally, the sum of $75,000 is objectively not inconsequential and will result in additional assets for the benefit of 140 Mason Circle's estate. In summary, all requirements are met to compel Heritage Bank's turnover of the Funds under 11 U.S.C. § 542(a).

**B. An adversary proceeding is not mandatory for a turnover action noticed for hearing under Fed. R. Bankr. P. 9014.**

While an adversary proceeding is the traditional means of collecting property subject to turnover (*see* Fed. R. Bankr. P. 7001), it is not mandatory, especially when the Trustee does not

expect any parties to oppose this turnover request. Contested matters brought by motion are addressed in Bankruptcy Rule 9014. Rule 9014 requires "reasonable notice and opportunity for a hearing" to be afforded to the adversary. *In re Zumbrun*, 88 B.R. 250, 252 (B.A.P. 9th Cir. 1988). In *Zumbrun*, the Ninth Circuit Bankruptcy Appellate Panel held that Rule 9014's requirements of notice and hearing adequately protect due process rights, even if the matter should have been brought as an adversary proceeding under Fed. R. Bankr. P. 7001. *Id.*

Here, this Motion is required primarily to provide Heritage Bank with a "comfort order" because of the United States' prior forfeiture actions and early disputes with the Trustee. The Trustee does not expect that Heritage Bank, or any party, will oppose the Motion. It is one which, in the interest of judicial economy, does not require an adversary proceeding. All parties' due process rights are adequately protected through a regularly noticed hearing under Fed. R. Bank. P. 9014.

### C. If Heritage Bank claims to be a custodian of the Funds, it is required to turnover the Funds to the Trustee under 11 U.S.C. § 543(b).

Alternatively, if Heritage Bank claims to be a "custodian'" of the Funds, under 11 U.S.C. § 543(b) it is required to deliver to the Trustee property of the estate and file an accounting of any such property that at any time, came into its possession, custody, or control. *See* 11 U.S.C. § 543(b). The Court may excuse a custodian's compliance with §§ 543(a) and (b), but only after notice and hearing. *See* 11 U.S.C. § 543(d). To date, Heritage Bank has not filed any motion with the court seeking to be excused from compliance with § 543(b), and thus cannot be excused from its turnover duties under 11 U.S.C. § 543(b).

In summary, Heritage Bank must promptly turn over the Funds to the Trustee either under 11 U.S.C. §§ 542 or 543. But in no event can Heritage Bank lawfully retain or dispose of property of this bankrupt estate.

### CONCLUSION

Based on the foregoing, Trustee respectfully requests that the Court enter an order compelling Heritage Bank to turn over to the Trustee the value of $75,000 which was in a Heritage Bank deposit account for 140 Mason Circle, LLC during the pendency of this case; and for such

1  other relief as is just and proper.

2      Dated this 9th day of March 2022.

3                                                  HARRIS LAW PRACTICE LLC

4                                                  */s/ Norma Guariglia*

5                                                  _____

6                                                  NORMA GUARIGLIA, ESQ.
                                                   Attorneys for W. DONALD GIESEKE,
7                                                   Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>VERIFICATION</u>

I, W. DONALD GIESEKE, Chapter 7 Trustee named in the foregoing MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE UNDER 11 U.S.C. §§ 542 OR 543, hereby swear that the information contained therein is true and correct according to the best of my knowledge, information, and belief.

*/s/ W. Donald Gieseke*

W. DONALD GIESEKE
Chapter 7 Trustee

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# Buchalter

1000 Wilshire Boulevard
Suite 1500
Los Angeles, CA 90017
213.891.0700 Phone
213.896.0400 Fax

File Number: H4753-0016
213.891.5259 Direct
clott@buchalter.com

August 23, 2022

**VIA E-MAIL (STEVE@HARRISLAWRENO.COM;
CHRISTOPHER.HALES@USDOJ.GOV; KEVIN.KHASIGIAN@USDOJ.GOV)**

Stephen R. Harris, Esq.
Harris Law Practice
6151 Lakeside Drive, Suite 2100
Reno, NV 89511

Christopher Stanton Hales, Esq.
Assistant U.S. Attorney
Eastern District of California, Criminal Division
Robert T. Matsui United States Courthouse
501 I Street, Suite 10-100
Sacramento, CA 95814

Kevin Khasigian, Esq.
Assistant U.S. Attorney
Eastern District of California, Criminal Division
Robert T. Matsui United States Courthouse
501 I Street, Suite 10-100
Sacramento, CA 95814

Re:    Heritage Bank (the "**Bank**") with respect to the 140 Mason Property

Dear Stephen, Christopher and Kevin:

As you know, the Heritage loan on the 140 Mason Circle property was paid off in full. You also know that the bank held additional collateral for that loan in the form of cash of $75,000 (the "Funds") held pursuant to an Assignment of Deposit Account. Heritage has no further claim against the Funds, but seeks direction as to whom it should deliver the Funds. We understand that there had been some dispute between the U.S. Attorney's Office and the Bankruptcy Trustee regarding who had control over certain assets, including the 140 Mason

buchalter.com

Los Angeles
Napa Valley
Orange County
Sacramento
San Diego
San Francisco
Scottsdale
Seattle

# Buchalter

Stephen R. Harris, Esq.
Christopher Stanton Hales, Esq.
Kevin Khasigian, Esq.
August 23, 2022
Page 2

property.  We have sought clarification since 2019 seeking joint instructions regarding the disbursement of the Funds so that it need not interplead them with the Court. We've received no such information.

The funds are now set to escheat to the estate this year.  Please contact us by September 15, 2022 regarding these funds.  If we do not hear from you, the funds will escheat to the state.

I look forward to hearing from you with joint directions on how to proceed.

Very truly yours,

BUCHALTER
A Professional Corporation

By _Cheryl Marie Lott_
Cheryl M. Lott

CML:bc

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

# HARRIS LAW PRACTICE LLC
### ATTORNEY AND COUNSELOR AT LAW
### STEPHEN R. HARRIS, ESQ.
6151 LAKESIDE DRIVE, SUITE 2100
RENO, NEVADA 89511
(775) 786-7600
steve@harrislawreno.com

September 13, 2022

*Via Email-* **clott@buchalter.com**
Cherly M. Lott, Esq.
Buchalter

**Re:    In re Dora Dog Properties, LLC et al- 140 Mason Circle/Heritage Bank**

Dear Ms. Lott:

In response to your letter dated August 23, 2022, I am counsel for W. Donald Gieseke, Trustee, for the six (6) bankrupt estates of Dora Dog Properties, LLC; Dog Blue Properties, LLC; 140 Mason Circle, LLC; Brandy Boy Properties, LLC; Park Road, LLC; and 475 Channel Road, LLC (collectively "Real Estate Debtors"), all jointly administered under Dora Dog Properties, LLC, Case No. 19-50103.

In that regard, Trustee Gieseke and the United States entered into a Coordination Agreement to settle the forfeiture actions filed by the United States against the Carpoffs and their related entities. A copy of the entered Order approving the Coordination Agreement is enclosed herewith (DE 191). The Real Estate Debtors were defined in this Coordination Agreement as the California LLCs (*See* DE 191, 7:18-20). The Coordination Agreement states that the USA would not pursue forfeiture of, or any claim on or to, any additional real or personal property owned by Double Jump, the DC Solar Entities, or the California LLCs, except as otherwise provided in the section of the Coordination Agreement titled "Additional Non-Real Property Assets" (*See* DE 191, 15:22-28 and 16:22-4).

The $75,000 (the "Funds") held by Heritage as collateral for the loan was not included in the "Additional Non-Real Property Assets". Therefore, Trustee Gieseke requests that these Funds be delivered to him, as the Trustee for the bankrupt estate of 140 Mason Circle, LLC. Thank you.

Very truly yours,

*/s/ Stephen R. Harris*

STEPHEN R. HARRIS, ESQ.

Encl.
cc: W. Donald Gieseke, Bankruptcy Trustee- via email

clott@buchalter.com

———————————————

1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
www.buchalter.com | Bio | LinkedIn

**From:** Lott, Cheryl M. <clott@buchalter.com>
**Sent:** Wednesday, September 21, 2022 8:28 PM
**To:** Hannah Bass <hannah@harrislawreno.com>
**Cc:** Steve Harris <steve@harrislawreno.com>; wdg@renotrustee.com
**Subject:** RE: Heritage Bank/140 Mason Circle [IMAN-BN.FID2738728]

Thank you for your letter. I may be missing something in the stipulation, and would appreciate you pointing me to the correct place if I am. The stipulation, at page 7, states that the $75,000 is in relation to the 4901 Park Road property, not the 140 Mason property. As such, the stipulation and order thereon does not resolve the issue. Please advise.

| | |
|---|---|
| 15 | NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED that: |
| 16 | **Forfeiture I**. The parties agree that the USAO-EDCA will forfeit the *In Rem* Defendant real |
| 17 | properties set forth in Exhibit A-1, and will liquidate those assets for the benefit of the victims of the |
| 18 | criminal fraud under investigation (the "Forfeiture I U.S. Property Allocation"), except that the |
| 19 | unallocated $75,000 from the forfeiture of 4901 Park Road, Benicia, California shall be turned over to |

Thank you,

Cheryl

# Buchalter
———————————————

**Cheryl M. Lott**
Shareholder
**T** (213) 891-5259
**F** (213) 630-5794
clott@buchalter.com

———————————————

1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
www.buchalter.com | Bio | LinkedIn

**From:** Hannah Bass <hannah@harrislawreno.com>
**Sent:** Tuesday, September 13, 2022 4:25 PM
**To:** Lott, Cheryl M. <clott@buchalter.com>
**Cc:** Steve Harris <steve@harrislawreno.com>; wdg@renotrustee.com
**Subject:** Heritage Bank/140 Mason Circle
**Importance:** High

---

> This message has originated from an **External Email**. Hannah Bass <hannah@harrislawreno.com>:

---

Dear Ms. Lott-

Please see the attached letter dated today with respect to the above referenced matter.  Please contact Mr. Harris with any questions.

Thank you, Hannah

Hannah Bass
Harris Law Practice LLC
6151 Lakeside Drive, Suite 2100
Reno, NV  89511
Phone: 775-786-7600
Fax: 775-786-7764

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

## Norma Guariglia

| | |
|---|---|
| **From:** | Norma Guariglia |
| **Sent:** | Saturday, February 18, 2023 8:03 AM |
| **To:** | 'clott@buchalter.com' |
| **Cc:** | Steve Harris; Trustee |
| **Subject:** | FW: Heritage Bank/140 Mason Circle |
| **Attachments:** | 191 - Order Approving Coordination Agreement with USA.pdf |

| | |
|---|---|
| **Importance:** | High |

Hello Cheryl,

I work with Steve Harris and am assisting him with respect to this issue.

On September 13, 2022, Steve emailed you a letter with a copy of the court approved Coordination Agreement between the United States and the Trustee. Steve's letter explained that the Coordination Agreement states that the United States would not pursue forfeiture of or make any claim as to any of the Debtors' assets not listed in the Coordination Agreement. As you noted in your email to Steve on September 21, 2022, the Coordination Agreement does not mention the $75,000 ("Funds") held by Heritage Bank as collateral for 140 Mason Circle, LLC's loan. Thus, the United States has no claim to the Funds because it agreed in the Coordination Agreement not to pursue any claims against the Debtors' property other than those assets expressly described in the Coordination Agreement. *See Coordination Agreement* at 9:22-10:4. In fact, you previously emailed Assistant U.S. Attorneys Khasigian and Hales to disclose the existence of the Funds. The United States has not asserted any claim to the Funds because it has no such claim.

The Funds held by Heritage are property of 140 Mason Circle, LLC's estate pursuant to 11 U.S.C. § 541. Heritage is required to turn over the Funds to the Trustee pursuant to 11 U.S.C. §§ 542 and 543. Please confirm that Heritage will promptly comply with its turnover duties because the Trustee is attempting to finalize his administration of the estate. We prefer not to have to take action in the Bankruptcy Court to compel Heritage's compliance but, if necessary, we are prepared to file a motion or adversary complaint next week.

We appreciate your assistance in resolving this matter. If you have any questions, please let me know.

Thank you,
Norma

We've moved. Please note our new address.

Norma Guariglia, Esq.
Harris Law Practice LLC
850 E. Patriot Blvd., Suite F
Reno, NV 89511
Phone: (775) 786-7600 ext. 404
Cell: (775) 530-5310
Fax: (775) 786-7764

**CONFIDENTIALITY NOTICE**: The contents of this e-mail, along with any attachments, are covered by state and federal law governing electronic communications and may contain confidential and legally privileged information. The information is intended only for the use by the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mailed information is strictly prohibited. If you have received this e-mail in error, please contact the sender and delete the e-mail and any attachments from all computers.

**Norma Guariglia**

| | |
|---|---|
| **From:** | Lott, Cheryl M. <clott@buchalter.com> |
| **Sent:** | Saturday, February 18, 2023 9:57 PM |
| **To:** | Norma Guariglia |
| **Subject:** | Re: Heritage Bank/140 Mason Circle [IMAN-BN.FID996787] |

Thank you. Let's put it past us and move forward.

The issue with the payment has a long history, that started with contentious hearings, from what I recall, between the AUSA's office and the trustee. I believe that dispute over the real property was resolved Cia various orders, and as for the funds culminated with the stipulation, but the order was incorrect. I'm not sure how that plays out given that there was a dispute but the order was incorrect. To complicate things, the funds may have already technically escheated to the state. So, we have somethings that we will have to work through.

Heritage has no desire to keep the money as evidenced by the many communications regarding such.

We will figure it out. Enjoy the rest of your weekend.

Cheryl


Buchalter

Cheryl M. Lott she/her/hers
Shareholder
T (213) 891-5259
F (213) 630-5794
clott@buchalter.com

1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.buchalter.com%2F&data=05%7C01%7Cnorma%40harrislawreno.com%7C90df4487acc04c049ed908db123e23a5%7C5abfb8d41cd7415dbae0813c02b5b3ae%7C0%7C0%7C638123830325323555%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=L5T%2FFebdGBzrp4eZ8BT1AmR44KvA5ME4BlUqxq18l3s%3D&reserved=0

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.buchalter.com%2Fabout%2Ffirm-policies&data=05%7C01%7Cnorma%40harrislawreno.com%7C90df4487acc04c049ed908db123e23a5%7C5abfb8d41cd7415dbae0813c02b5b3ae%7C0%7C0%7C638123830325479786%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=kvYZTe4Esg1CbqqLFofS0VDz6lQWVrZsdNEK74njG9E%3D&reserved=0.

## Norma Guariglia

**From:** Norma Guariglia
**Sent:** Friday, February 24, 2023 5:39 PM
**To:** Lott, Cheryl M.
**Cc:** Steve Harris
**Subject:** Re: Heritage Bank/140 Mason Circle [IMAN-BN.FID996787]

Good afternoon, Cheryl,

I was following up to see if you had a response from Heritage about the $75K. I agree there's a long history surrounding this money, but I think Heritage misunderstands some of the issues.

There was a dispute between the USA and Trustee, but only regarding certain civil forfeiture actions that the USA had commenced or was threatening to commence shortly after the bankruptcy cases were filed. The Coordination Agreement only listed assets affected by the pending or anticipated civil forfeiture actions—it did not list every conceivable asset in the Debtors' estates under 11 U.S.C. § 541. What is more, the dispute was not whether the assets were property of the bankrupt estates to begin with, but rather whether the USA was violating the automatic stay by initiating and prosecuting post-petition civil forfeiture actions against property of the estates.

None of the estate assets can become property of the USA unless the USA successfully concludes civil forfeiture actions against those assets. To our knowledge, the USA has not commenced or continued any civil forfeiture actions with respect to the $75K held by Heritage. I don't think Heritage has claimed that a pending civil forfeiture action exists regarding that money. The Coordination Agreement did not itemize every conceivable asset of the estates because all assets were unknown at the time, the Trustee was working with incomplete information, and the USA only wanted certain assets it had identified. The "other additional property" catchall release, which we have previously pointed to, was included in the Coordination Agreement to cover any assets not expressly identified in the Coordination Agreement.

The Assistant U.S. Attorneys have not prosecuted any civil forfeiture actions against these Debtors' assets other than those specifically carved out for the USA in the Coordination Agreement. The Assistant U.S. Attorneys will not sign off on anything because they're not actively participating in these bankruptcy cases anymore.

The Trustee is also required to file final accountings with the Bankruptcy Court, disclosing all collected assets and proposed distributions so that any parties in interest can object. The Trustee's accountings also require final approval by the U.S. Trustee's Office. Thus, all assets administered by the Trustee are under the supervision of the Bankruptcy Court and the DOJ's United States Trustee's Office.

In summary, it seems like Heritage is imagining a controversy between the Trustee and the USA over the $75K where none exists. We have no way to resolve it unless we file an action against Heritage for turnover of the funds. The Assistant U.S. Attorneys have been aware for at least two years of Heritage's desire to release the funds, but they have not responded in any manner.

I hope this information provides some clarity and additional context that may have been missing from prior communications. If you have any questions or concerns, please let me know.

1

Best,
Norma

Norma Guariglia, Esq.
Harris Law Practice LLC
850 E. Patriot Blvd., Suite F
Reno, NV  89511
Phone: (775) 786-7600 ext. 404
Cell:  (775) 530-5310
Fax:  (775) 786-7764

**CONFIDENTIALITY NOTICE:**  The contents of this e-mail, along with any attachments, are covered by state and federal law governing electronic communications and may contain confidential and legally privileged information.  The information is intended only for the use by the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mailed information is strictly prohibited.  If you have received this e-mail in error, please contact the sender and delete the e-mail and any attachments from all computers.

---

**From:** Lott, Cheryl M. <clott@buchalter.com>
**Sent:** Saturday, February 18, 2023 9:57 PM
**To:** Norma Guariglia <norma@harrislawreno.com>
**Subject:** Re: Heritage Bank/140 Mason Circle [IMAN-BN.FID996787]

Thank you. Let's put it past us and move forward.

The issue with the payment has a long history, that started with contentious hearings, from what I recall, between the AUSA's office and the trustee.  I believe that dispute over the real property was resolved Cia various orders, and as for the funds culminated with the stipulation, but the order was incorrect.  I'm not sure how that plays out given that there was a dispute but the order was incorrect.   To complicate things, the funds may have already technically escheated to the state.  So, we have somethings that we will have to work through.

Heritage has no desire to keep the money as evidenced by the many communications regarding such.

We will figure it out.  Enjoy the rest of your weekend.

Cheryl

Buchalter

Cheryl M. Lott she/her/hers
Shareholder
T (213) 891-5259
F (213) 630-5794
clott@buchalter.com

1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.buchalter.com%2F&data=05%7C01%7Cnorma%40harrislawreno.com%7C90df4487acc04c049ed908db123e23a5%7C5abfb8d41cd7415dbae0813c02b5b3ae%7C0%

7C0%7C638123830325323555%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1ha WwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=L5T%2FFebdGBzrp4eZ8BT1AmR44KvA5ME4BlUgxq18l3s%3D&rese rved=0

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.buchalter.com%2Fabout%2Ffirm-policies&data=05%7C01%7Cnorma%40harrislawreno.com%7C90df4487acc04c049ed908db123e23a5%7C5abfb8d41cd7 415dbae0813c02b5b3ae%7C0%7C0%7C638123830325479786%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMD AiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=kvYZTe4Esg1CbqqLFofS0VDz6lQW VrZsdNEK74njG9E%3D&reserved=0.